COURT OF APPEALS
DECISION
DATED AND FILED

February 15, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2021AP142-CR**

Cir. Ct. No. **2018CF510**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CHARLES W. RICHEY,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Marathon County: GREGORY J. STRASSER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Charles Richey appeals from a judgment convicting him, based upon a no-contest plea, of an eighth offense of operating a

motor vehicle while intoxicated (OWI-eighth). The sole issue on appeal is whether the circuit court properly denied Richey's suppression motion. *See* WIS. STAT. § 971.31(10) (2019-20)[1] (permitting appeal of a suppression ruling following a plea). We affirm.

## BACKGROUND

¶2 At approximately 11:00 p.m. on April 28, 2018, in the Village of Weston, Deputy D'Acquisto of the Marathon County Sheriff's Office broadcast a report of a disabled motorcycle over a law enforcement dispatch radio. Fifteen seconds later, D'Acquisto cleared the call without explanation. Five minutes after clearing the call for a disabled motorcycle, D'Acquisto broadcast a new report that officers should be on the lookout for a Harley-Davidson motorcycle driving erratically and at a high rate of speed, headed northbound on Alderson Street from Jelinek Avenue.

¶3 Approximately five minutes later, about a half mile away, Officer Alexis Meier of the Everest Metro Police Department observed a Harley-Davidson motorcycle traveling eastbound on Schofield Avenue, just west of Alderson Street. The motorcycle Meier observed was not speeding or moving erratically, and its driver did not commit any traffic violations. Traffic was light at the time, however, and Meier had not noticed any other motorcycles in the area that evening, or even many motorcycles at all that early in the spring. After following

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

the motorcycle for about two and one-half blocks, Meier pulled it over, ascertained that Richey was the driver, and observed signs that Richey was intoxicated.[2]

¶4     After the State charged Richey with OWI-eighth offense, Richey moved to suppress all evidence obtained during the traffic stop, contending that there was no reasonable suspicion for the stop. The circuit court denied the suppression motion. Richey then pled guilty, and the court sentenced him. Richey now appeals his judgment of conviction, challenging the suppression ruling.

## DISCUSSION

¶5     The Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution prohibit unreasonable searches and seizures. *State v. Drogsvold*, 104 Wis. 2d 247, 264, 311 N.W.2d 243 (Ct. App. 1981). It is constitutionally permissible, however, for a law enforcement officer to briefly detain an individual for investigative questioning when there exists a reasonable suspicion, based upon specific and articulable facts together with rational inferences drawn from those facts, that criminal activity may be afoot, and that the detention would be appropriate. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). "[S]uspicious conduct is by its very nature ambiguous, and the principle function of the investigative stop is to quickly resolve that ambiguity." *State v. Anderson*, 155 Wis. 2d 77, 84, 454 N.W.2d 763 (1990). "The question of what constitutes reasonable suspicion is a commonsense test. Under all the facts

---

[2] Deputy D'Acquisto arrived at the site of the traffic stop shortly thereafter and advised Officer Meier that Richey's motorcycle was not the one that D'Acquisto had observed traveling erratically earlier. However, Richey does not argue that reasonable suspicion of a violation of law dissipated during the stop, only that there was no reasonable suspicion to initiate the stop in the first instance.

3

and circumstances present, what would a reasonable police officer reasonably suspect in light of his or her training and experience?" ***State v. Jackson***, 147 Wis. 2d 824, 834, 434 N.W.2d 386 (1989).

¶6     When reviewing a motion to suppress evidence based upon an allegedly unconstitutional seizure, we will uphold the circuit court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2); ***State v. Hindsley***, 2000 WI App 130, ¶22, 237 Wis. 2d 358, 614 N.W.2d 48. We will independently determine, however, whether the facts as found by the circuit court satisfy applicable constitutional provisions. ***Hindsley***, 237 Wis. 2d 358, ¶22.

¶7     Here, the circumstances cited in support of the traffic stop were: (1) a report by a law enforcement officer about a motorcycle moving erratically and at a high rate of speed; (2) a description of the speeding motorcycle as a Harley-Davidson; (3) an observation by a second law enforcement officer, about five minutes later, of a Harley-Davidson motorcycle about half a mile from the last reported location of the speeding motorcycle; and (4) the second law enforcement officer's further observations that there were few motorcycles out that early in the spring and that late at night.

¶8     Richey contends that his mere presence in the area of a suspected crime or traffic offense involving a Harley-Davidson while himself riding a Harley-Davidson was insufficient to establish reasonable suspicion for a traffic stop. *See generally **Illinois v. Wardlow***, 528 U.S. 119, 124 (2000). We disagree.

¶9     Richey's motorcycle was observed within a close proximity—in both time and place—of the last reported sighting of the speeding motorcycle. Moreover, the two motorcycles were produced by the same manufacturer. Finally, at the time of day and time of year, motorcycle sightings were rare. While none of

these facts standing alone may be sufficient to support reasonable suspicion, when combined, they would lead a reasonable officer to suspect that the two Harley-Davidson motorcycles could be one and the same. The reasonable purpose of the traffic stop was to temporarily freeze the situation in order to either confirm or disprove that suspicion.

¶10     Richey contends that *State v. Pickens*, 2010 WI App 5, ¶11 n.1, 323 Wis. 2d 226, 779 N.W.2d 1 (2009), which allows the knowledge of one police officer to be imputed to another officer for the purpose of determining reasonable suspicion for a detention (commonly known as the "collective knowledge" doctrine), also requires the State to prove the collective knowledge through the testimony of the original officer. This is not a *Pickens* situation, however. In *Pickens*, law enforcement officers detained a man based upon a flyer indicating that the man had been involved in a prior shooting. However, the detaining officers in that case were not provided with any of the underlying facts that led to the issuance of the flier, and therefore could not testify as to those facts. Here, the detaining officer heard a contemporaneous broadcast from another officer that specified the facts—namely, the observation of a speeding Harley Davidson at a particular time in a particular location—upon which the detaining officer then relied to form reasonable suspicion. Thus, the facts giving rise to reasonable suspicion here were not "unspecified" as in *Pickens*, and they did not require the testimony of an additional officer to be established.

        *By the Court.*—Judgment affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

5